UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Civil Action No. ______________________

(To be assigned by the Clerk of Court)

COMPLAINT

Denesha Haigler, Plaintiff.

RCV'D - USDC COLA SC
OCT 23 '26 PM1:56

v.

GENERAL MOTORS LLC , Defendant.

COMES NOW the Plaintiff, Denesha Haigler, proceeding pro se, and for their Complaint against the Defendant, General Motors LLC, respectfully states and alleges as follows:

I. THE PARTIES

1. Plaintiff, Denesha Haigler, is an adult individual who resides at 183 Harleywood Dr. Orangeburg, SC 29115. Plaintiff's telephone number is (313) 451-4110 and email address is dh.dutiful@gmail.com.

2. Defendant, General Motors LLC, is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265. Defendant is a citizen of Michigan and Delaware and is engaged in the business of manufacturing and distributing passenger vehicles, including the Chevrolet Blazer, across the United States and within the State of South Carolina.

II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), because Defendant has breached written and implied warranties governing a consumer product, and the total amount in controversy satisfies the federal statutory threshold of $50,000 or more pursuant to 15 U.S.C. § 2310(d)(3)(B).

4. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district—specifically, the catastrophic vehicle failure and complete vehicle

shutoff occurred on an interstate highway within this district—and Plaintiff resides and suffers the ongoing economic harm within this judicial district.

## III. STATEMENT OF FACTS

5. On or about November 10, 2021, Plaintiff purchased a brand-new 2021Chevrolet Blazer from a Bowman Chevrolet dealership located in the State of Michigan, which was manufactured, distributed, and warranted by the Defendant. Shortly thereafter, Plaintiff relocated the vehicle to the State of South Carolina, where it has since been registered and operated.

6. Accompanying the purchase of the vehicle, Defendant issued an express written manufacturer's warranty promising to repair or replace any defective components or workmanship during the designated coverage period.

7. On or about December 21, 2021, a mere 41 days after purchase and with only 4,129 miles on the odometer, the vehicle suffered a sudden, catastrophic mechanical and electronic failure while being operated on an interstate highway in North Carolina.

8. This failure caused a complete and uncommanded vehicle shutoff while traveling at highway speeds, placing the vehicle's occupants in immediate physical danger.

9. The underlying defect existed at the time of manufacture and within the warranty coverage period, but its latent nature prevented reasonable discovery by the Plaintiff until the severe highway shutdown occurred.

10. Defendant has failed to adequately cure the defect or provide a reliable, defect-free replacement vehicle.

11. Other vehicle issues and defects have arisen since the incident at 4,129 miles.

12. Plaintiff was argued against by BBB Autoline when seeking lawyer arbitration assistance.

13. Following the catastrophic failure of the vehicle, Plaintiff was directed by Defendant General Motors LLC to seek resolution through its designated third-party administrative forum, BBB AUTO LINE. Plaintiff timely initiated contact with BBB AUTO LINE; however, the forum arbitrarily refused to administer or arbitrate Plaintiff's claim under the Magnuson-Moss Warranty Act. Because Defendant's chosen dispute mechanism operates with systemic arbitrary exclusion, the informal remedy is legally unavailable to the Plaintiff. Accordingly, Plaintiff has fully exhausted all required administrative pathways under 15 U.S.C. § 2310(a)(3), or alternatively is excused from doing so, and is entitled to direct judicial intervention.

## IV. CAUSES OF ACTION

### COUNT I

Violation of the Magnuson-Moss Warranty Act — Breach of Written Warranty

(15 U.S.C. § 2310(d)(1))

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff purchased a new Chevrolet Blazer manufactured and warranted by the Defendant. The vehicle is a "consumer product" and Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301.

16. Defendant provided a written manufacturer's express warranty covering defects in materials and workmanship for a specified period of time or mileage.

17. Defendant breached this written warranty because the vehicle possessed a severe, un-remedied manufacturing defect that caused a sudden and total vehicle shutoff on an interstate highway a mere 41 days and 4,129 miles after purchase.

18. Despite the defect manifesting well within the warranty period, Defendant failed to provide a defect-free vehicle or adequately cure the failure.

19. Defendant breached its written warranty because the vehicle possessed a severe, un-remedied manufacturing defect that caused a sudden and total vehicle shutdown on an interstate highway a mere 41 days and 4,129 miles after purchase. Defendant further violated its federal statutory obligations under 15 U.S.C. § 2310(a) by directing Plaintiff to an informal dispute mechanism (BBB AUTO LINE) that arbitrarily refuses to administer or apply the Magnuson-Moss Warranty Act to Plaintiff's claim while processing identical claims from similarly situated consumers. By failing to provide a fair, functional, and accessible dispute resolution process, Defendant has failed to comply with its legal obligations under this Title, rendering the vehicle completely unmerchantable and dangerous.

20. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover damages, including full vehicle recovery, costs.

COUNT II

Breach of Implied Warranty of Merchantability

(S.C. Code Ann. § 36-2-314 & 15 U.S.C. § 2301(7))

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

22. Defendant is a merchant who impliedly warranted that the Chevrolet Blazer was merchantable, reliable, and safe for ordinary highway travel.

23. Defendant breached this implied warranty because the vehicle was plagued with a latent, catastrophic defect at the time of sale that caused it to unexpectedly shut off while moving at high speeds on an interstate.

24. As a direct result of Defendant's breach, Plaintiff has suffered significant economic damages and is entitled to full recovery.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant and award the following relief:

A. Full vehicle recovery and compensatory damages in the amount of $__over 75,000____ for financial losses and injuries;

B. An order for all recovery costs and disbursements of this action;

ARBITRATION and NEGOTIATION Requested

Dated this __23___ day of __October_________, 2026___.

Respectfully submitted,

______________________________

(Your Signature)

Denesha Haigler

183 Harleywood Drive

Orangeburg, SC 29115

(313)451-4110